**REYNOLDS et al. v. McMAN OIL & GAS CO. et al. (No. 887—4592.)**

Commission of Appeals of Texas. Section B.
March 20, 1929.

For former opinion, see 11 S. W. (2d) 778, which reversed 279 S. W. 939.

Wm. J. Berne, of Fort Worth, and Kinder & Russell and Meade F. Griffin, all of Plainview, for plaintiffs in error.

H. P. Brelsford and Funderburk & Richardson, all of Eastland, Thompson & Barwise, of Fort Worth, John Rogers, of Tulsa, Okl., and Ellis Douthit, of Abilene, for defendants in error.

SPEER, J. All parties have presented motions for rehearing, and exceptionally able arguments have been filed in support thereof.

We have carefully considered the questions anew, and, after all has been said, we epitomize the case as follows:

The instrument is a grant of oil and gas in place. The consideration is: (1) The one-eighth part of all oil produced and saved from the leased premises; (2) $100 per annum for gas from each well where gas only is found while the same is being used off the premises; and (3) $100 per annum per well for gas produced from any oil well and used off the premises. Clause 1 constitutes a legal exception from the grant of one-eighth part of all oil produced and saved from the leased premises while clauses (2) and (3) are mere rental covenants for gas used off the premises. Clause (2) of the royalty covenant applies only to gas used from a well "where gas only is found," while clause (3) provides a similar rental for gas produced from an oil well. The clear intention of the instrument as a whole is to except from the grant "one-eighth part of all oil produced and saved from the leased premises," and to pay and accept a rental per well per annum for gas produced and used off the premises. The "gas" mentioned in both sections, as we have shown in our original opinion, means *gas*, and not *oil*. The lease therefore in legal effect grants seven-eighths of the *oil* in place and all of the *gas*. The rights in the casing-head gas are controlled by the exception and not by the rental covenants. If the lease had contained apt words of grant including all casing-head gas (which is known to contain oil), the case would be different. That character of lease is illustrated by Magnolia Petroleum Co. v. Connellee (Tex. Com. App.) 11 S. W. (2d) 158. The lease in that case contained apt words of grant to evidence an intention to convey all casing-head gas, which, of course, included the modicum of oil which it carried, and it was held that all such gas was therefore within the grant. This clearly distinguishes the two cases. The motion for rehearing by defendants in error, wherein it is stated there is no difference between the two leases "except that created by the fact that the specific royalty provision in the Connellee Case covers 'casing-head gas' while the specific royalty provision in this case covers 'gas produced from an oil well,'" is erroneous. The clause in the Connellee Case stipulates for rental for casing-head gas when *sold* or used off the premises, thus evidencing a grant of *all* such gas; whereas there is no such right expressed or implied in the present case. The royalty or any other clause of the instrument may be looked to, where pertinent, to determine the grant.

The plaintiff in error likewise seeks a rehearing, and insists that defendants in error are liable for the gross value of one-eighth of the gasoline recovered not charged with the cost of reduction, upon the theory they are trespassers; the argument being that since in law plaintiffs in error were entitled to one-eighth part of the casing-head gas as it was delivered from the ground, the defendants in error, knowing of this right, as they must have known, are not good-faith trespassers to entitle them to their expenditures in treating the gas and recovering the gasoline. It is true the rights of the parties are to be determined by the terms of the lease, which, in turn, presents a question of law; but it does not follow that defendants in error have not acted in good faith. Indeed, the particular right is of such a nature as to challenge the best thought of all the courts through which the case has passed, and defendants in error should not be mulcted in damages for claiming a right to the gas under such circumstances. It is like the case of one who enters upon land believing his title to be good, whereas it is subsequently held as a matter of law to be bad. It would be an impotent equity that would deny him a recovery for his improvements made in good faith. True, this illustration is governed by statute, but a similar analogy would be where one mistaking the boundary of his land cuts timber and subsequently manufactures it into lumber. The boundary line exists as a matter of law, but does not preclude a good-faith claim with respect to the operation of the law determining such line.

We recommend that both motions for rehearing be overruled.